989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Janet DIETZ, Plaintiff-Appellee,
v.
UNITED STATES of America (Federal Deposit Insurance
Corporation), Defendant-Appellant.
 No. 92-1925.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 11, 1992.
Decided March 22, 1993.
 
 1
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and GRANT, Senior District Judge.*
 
 ORDER
 
 2
 "Slip and fall" cases seldom land in federal court. Such claims usually arise under state tort law between local parties who lack diversity of citizenship. Janet Dietz, however, slipped and fell on government property and sued the United States under the Federal Tort Claims Act (28 U.S.C. §§ 2671 et seq.). The United States, through the Federal Deposit Insurance Corporation ("FDIC"), owned, managed and maintained a building located at 9700 Dee Road in Des Plaines, Illinois, known as Glen Oaks Commons. Dietz's January 16, 1992 amended complaint alleges that at 9 P.M. on February 15, 1992, she visited Glen Oaks and fell on its sidewalk, resulting in serious physical injuries.
 
 
 3
 Dietz claims that the defendant negligently allowed an unsafe accumulation of ice to develop on its sidewalk, thereby creating a hazard for normal walking. The mechanics of her theory are as follows. Her lawyer argued at trial that snow on the Glen Oaks' roof melted from the building's warmth. Water then cascaded out of a drainpipe, travelling over frozen ground to the sidewalk. Because the defendant piled snow between the sidewalk and the catch basin beyond, and because the sidewalk was raked away from the catch basin, the water from the defendant's roof formed an unnatural pool on the sidewalk. Beyond the catch basin lay a raised parking lot which prevented the pool from draining elsewhere. The pool then froze, creating a hazard for pedestrians. Dietz further argues that the defendant failed to use salt or sand to remedy the situation and should have drawn its roof water into a storm sewer system in accordance with the Des Plaines Building Code. Dietz sought judgment for $160,000.
 
 
 4
 In its answer, the FDIC claimed that plaintiff's injuries were caused by her own negligent misconduct by failing to keep a proper lookout, by choosing to walk over a patch of ice instead of over an alternative path, by not keeping proper control of her body, by walking across the ice too rapidly, and by wearing shoes that were not proper for walking on ice and snow. The FDIC maintains that the water was a natural accumulation formed by melting snow, and that water from Glen Oaks' roof could not have flowed all the way from the drainpipe to pool on the sidewalk.
 
 
 5
 After considering only plaintiff's evidence in this bench trial, in her first opinion Judge Conlon found that circumstantial evidence supported Dietz's theory that there was an unnatural accumulation of ice on the sidewalk. Judge Conlon found that the erosion beneath the Glen Oaks' drain pipe credited Dietz's argument that water on the sidewalk came from the roof of Glen Oaks. She also found that the back-sloping of the sidewalk coupled with the higher level of the parking lot beyond allowed the water from Glen Oaks' roof to pool into ice on the sidewalk. She concluded that this unnatural accumulation of ice presented a reasonable risk of harm and that the building manager's knowledge of this condition was attributable to the FDIC. Therefore the district court denied defendant's motion for a directed verdict and proceeded to hear defendant's case.
 
 
 6
 After the close of all the evidence, in her second opinion the district court rendered oral findings of fact, concluding that there was an unnatural accumulation of water that froze into ice on the patch of sidewalk where Dietz fell. The judge found that the drainpipe, sloping sidewalk, raised parking lot and resulting pool created a reasonable risk of harm, and that nothing showed that Dietz was negligent or wearing a kind of shoe that caused her fall. The janitor of the building convinced the trier of fact that the drainage pipe had been extended so that water would not erode the foundation area of the building. The unnatural ice thus was created by the negligence of defendant's agent, the building management company.
 
 
 7
 As a result, the court awarded Dietz $11,042 in compensatory damages. Dietz's fall caused varicose veins and swelling; a fractured leg limited her ability to move, and as a result, Dietz suffered an embolism. These combined injuries created problems for Dietz with respect to planned childbearing. The district court awarded plaintiff $100,000 for pain and suffering. We affirm for the reasons given in the district court's oral opinions as summarized above, and because we may not overturn the district court's findings of fact unless they are clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573.
 
 
 8
 In Illinois, a landlord has a duty to exercise a reasonably safe condition for use by tenants, including conditions of snow and ice. Sims v. Block, 94 Ill.App.2d 215, 236 N.E.2d 572 (2d Dist.1968). He will be held liable for damage for negligence resulting from altering the condition of the premises by erecting a structure which discharges water upon the sidewalk. Prosser and Keeton, The Law of Torts, pp. 390-391 (5th ed. 1984); see also Lapidus v. Hahn, 115 Ill.App.3d 795, 450 N.E.2d 824 (1st Dist.1983). In the circumstances here, the district court was fully justified in ascribing plaintiff's injuries to defendant's negligence. Defendant's knowledge of the icy condition was implied because in the exercise of due care it could have learned of the dangerous condition. Stroyeck v. A.E. Staley Mfg. Co., 26 Ill.App.2d 76, 167 N.E.2d 689, 692 (3d Dist.1960).
 
 
 9
 Before oral argument but after briefing, defendant called our attention to Clauson v. Lake Forest Improvement Trust, 1 Ill.App.3d 1041, 275 N.E.2d 441 (2d Dist.1971). There Mrs. Clauson fell on ice adjacent to defendant's building and defendant won a directed verdict. The verdict was upheld on appeal because the only evidence bearing on the condition of the downspouts was favorable to defendant and plaintiff did not show that ice had accumulated from defendant's negligence (at 1046). Such was not the case here where the facts amply supported the district judge's finding of negligence.
 
 
 10
 Finally, the district court did not err by permitting architect Gregory Wisniewski to testify since he was very helpful in enabling the trier of fact to understand the mechanics of the drainage from the downspout (Tr. 227-228); see United States v. Watson, 587 F.2d 365, 369 (7th Cir.1978). In any event, any objection to his testimony was waived by defendant's failure to move to strike it. United States v. Dougherty, 895 F.2d 399, 403 (7th Cir.1990). Accordingly, we affirm the district court's judgment.